IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

Case No. 5:21-CR-00382-M
Case No. 5:23-CV-00748-M

RONALD EARL JONES,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

ORDER

This matter comes before the court on the United States' motion to dismiss Petitioner's *pro se* motion to vacate under 28 U.S.C. § 2255(a). DE 65. For the reasons contained herein, the United States' motion is GRANTED.

### I. Abbreviated Factual and Procedural History

On October 5, 2020, two law enforcement officers observed Petitioner carrying what appeared to be a handgun. DE 32 ¶ 9. As the officers drove around to find a better observation point, one officer noticed Petitioner watching the officers through binoculars and pointing his firearm at them. *Id.* When Petitioner drove away from his location, the officers attempted to initiate a traffic stop. *Id.* Petitioner, however, waited until both officers exited their patrol vehicle and then drove away at speeds exceeding 80 miles per hour, nearly crashing into a house. *Id.* The officers declined to pursue at such high speeds. *Id.*

On March 31, 2022, Rocky Mount police officers conducted a traffic stop, during which they observed Petitioner sitting in the passenger seat next to two open containers of alcohol in the center console. *Id.* at ¶ 10. Petitioner exited the vehicle carrying a fanny pack, which he then tried

to stash in a nearby business. *Id.* Following Petitioner's arrest and detention, officers recovered and searched the fanny pack, which contained a 9mm handgun, 15.05 grams of marijuana, 1.65 grams of cocaine, a cell phone, $721.87 in cash, and 22 bindles containing a 0.44-gram mixture of heroin, fentanyl, and ANPP. *Id.*

On January 18, 2023, Petitioner pled guilty, pursuant to a written plea agreement, to possession of a firearm by a felon in violation of 18 U.S.C. §§ 922(g)(1) and 924, and possession with the intent to distribute a quantity of heroin in violation of 21 U.S.C. § 841(a)(1). DE 26 ¶ 3.a. Relevant here, pursuant to that plea agreement, Petitioner "waive[d] any right to contest [his] conviction or [his] sentence in any post-conviction proceeding, including any proceeding under 28 U.S.C. § 2255." DE 26, ¶ 2.c.

On December 5, 2023, Petitioner filed the underlying § 2255 motion. DE 61. In it, petitioner challenges the constitutionality of 18 U.S.C. § 922(g)(1) as applied to himself. *Id.* In response, the United States moved to dismiss under FRCP 12(b)(6) for failure to state a claim upon which relief can be granted. DE 65. The matters are now ripe for consideration.

## II. Legal Standards

"A federal prisoner, in custody, may collaterally attack his sentence or conviction by moving the district court 'to vacate, set aside, or correct his sentence' pursuant to 28 U.S.C. § 2255." *Umar v. United States*, 161 F.Supp.3d 366, 373 (E.D. Va. 2015) (quoting § 2255(a)). Such relief is appropriate when:

> the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack.

28 U.S.C. § 2255(b). The petitioner has the burden "to establish by a preponderance of the evidence" the purported basis for relief. *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958).

2

The United States may respond to a Section 2255 motion by filing a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *United States v. Reckmeyer*, 900 F.2d 257, 1990 WL 41044, at *4 (4th Cir. Apr. 2, 1990) ("a district court may properly consider a Rule 12(b)(6) challenge to the legal sufficiency of a § 2255 petition"). In such proceedings, "the familiar standards in Rule 12(b)(6) of the Federal Rules of Civil Procedure apply to the government's motion to dismiss." *Walker v. Kelly*, 589 F.3d 127, 138 (4th Cir. 2009). However, the scope of a court's review for a motion to dismiss a habeas petition is broader than the typical civil context because the court may also consider the record from the petitioner's underlying conviction and any exhibits attached to the petition. *See id.* at 139; *McCollough v. Bragg*, No. 5:20-CV-138, 2021 WL 236079, at *3 (D.S.C. Jan. 25, 2021); 28 U.S.C. § 2255(b) (instructing court to review "the files and records of the case").

### III. Analysis

The court finds that Petitioner's claims should be dismissed for two independently sufficient reasons. First, Petitioner has waived his right to challenge the constitutionality of his conviction by virtue of entering into his Plea Agreement, by which he expressly "waive[d] any right to contest [his] conviction or [his] sentence in any post-conviction proceeding, including any proceeding under 28 U.S.C. § 2255, excepting a[] motion based upon grounds of ineffective assistance of counsel or prosecutorial misconduct now known to [Petitioner] at the time of [his] guilty plea." DE 26, ¶ 2.c.

The court finds no reason in the record to find, nor indeed does Petitioner argue, that Petitioner did not enter the Plea Agreement "knowingly and voluntarily." *See* Fed. R. Crim. Pro. 11. As such, and in light of the express language of the Plea Agreement, the court finds that Petitioner waived the right to collaterally attack his sentence on the basis he raises in the underlying

3

motion (which addresses neither ineffective assistance of counsel nor prosecutorial misconduct). *Cf. United States v. Lemaster*, 403 F.3d 216, 220 (4th Cir. 2005) ("Every Circuit Court of Appeals to consider the issue . . . has held that the right to attack a sentence collaterally may be waived so long as the waiver is knowing and voluntary).

Second, even if the appeal waiver in the Plea Agreement does not foreclose the argument Petitioner raises here, it would fail on the merits. Petitioner contends that his felony conviction is an unconstitutional infringement on his Second Amendment rights, specifically arguing that section 922(g)(1) is barred under the Supreme Court's decision in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022). The Fourth Circuit, applying *Bruen*, has ruled that "a person who has been convicted of a felony cannot make out a successful as-applied challenge to Section 922(g)(1) 'unless the felony conviction is pardoned or the law defining the crime of conviction is found unconstitutional or otherwise unlawful.'" *United States v. Hunt*, 123 F.4th 697, 700 (4th Cir. 2024) (quoting *Hamilton v. Pallozzi*, 848 F.3d 614, 626 (4th Cir. 2017)).

Binding here, the Fourth Circuit ruled that Section 922(g)(1) is neither unconstitutional nor unlawful. *Id.* Applying *Bruen's* two-part test, the court determined first, "[s]ection 922(g)(1) 'regulates activity'—that is, the possession of firearms by felons—that 'fall[s] outside the scope of the [Second Amendment] right as originally understood," *id.* at 705 (quoting *Bruen*, 597 U.S. at 18) (modifications in original), and, second, because "legislatures traditionally employed status-based restrictions to disqualify categories of persons from possessing firearms, . . . Congress acted within the historical tradition when it enacted § 922(g)(1)," *id.* (citations and internal quotations omitted). Petitioner's reliance on historical research, DE 61 at 2–3, a case from the Third Circuit, *id.* at 3–4, and an overturned case from the Southern District of Mississippi, *id.* at 4–5 do not

4

Case 5:21-cr-00382-M    Document 71    Filed 09/05/25    Page 4 of 5

relieve this court of its commitment to apply binding law. As such, and consistent with the rulings of the Fourth Circuit, Petitioner has not stated a claim upon which relief can be granted.

## IV. Conclusion

Petitioner's claim is barred by the waiver in his plea agreement; it would nonetheless fail on the merits. The court thus GRANTS the United States' motion to dismiss, DE 65, DENIES Petitioner's Section 2255 motion, DE 43, DE 61, and DENIES a certificate of appealability.

SO ORDERED this __4th__ day of September, 2025.

RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE